EMORY NASH, as Executor, etc., of R. BELLE WOODIN, Deceased, Appellant, *v.* SARAH M. SPRINGSTEAD, Respondent.

*Landlord and tenant — occupation begun under an agreement for a short term — rebuttal of the presumption, of an agreement for a longer period, arising from continued occupation — evidence of an agreement for the longer period with the co-owner of the original lessor.*

In an action brought to recover rent for the entire period of the defendant's occupation of the demised premises, it appears that before the occupation began the defendant agreed to pay the plaintiff a certain sum for a certain short period, but declined to take the premises for a longer period, at a higher rate proposed by the plaintiff, and that the defendant went into possession under the agreement as to the short period, but remained in occupation for the longer period,

*Held,* that the defendant might show that after the expiration of the shorter period he rented the premises for the remainder of his occupation from the plaintiff's co-owner, and paid such co-owner therefor, as tending to rebut the presumption (arising from the fact of the defendant's continuing in possession after the expiration of the short period), of the acceptance at that time of the plaintiff's proposition for the longer term, and of an implied contract to pay therefor at the rate proposed.

APPEAL by the original plaintiff, R. Belle Woodin (upon whose death Emory Nash, as executor, etc., of R. Belle Woodin deceased, was substituted), from a judgment of the County Court of Chautauqua county in favor of the defendant, entered in the office of the

clerk of that county on the 26th day of November, 1890, reversing a judgment of a Justice's Court in favor of the plaintiff.

A. C. Pritchard, for the appellant.

Bootey, Fowler & Weeks, for the respondent.

DWIGHT, P. J.:

The action was commenced by the plaintiff's testatrix in her lifetime for the rent of a house, and her executor has since been substituted as plaintiff therein. The complaint alleges a contract of lease and occupation under it for a period of seven and a half months, whereby the defendant became indebted to the plaintiff in the sum of sixty dollars, of which no part had been paid except the sum of one dollar, and the justice gave judgment for the balance of fifty-nine dollars. The answer contained a general denial and the further defense, among others, that the defendant rented the house from the husband of the plaintiff, who was a part owner with her of the property, and payment of the rent to him. The plaintiff demurred to the last-mentioned defense, and that demurrer was sustained by the justice. This ruling was, at least, technically erroneous, because the practice in Justice's Court permits of no demurrer to an answer, except to a counterclaim. (Code Civ. Proc. § 2935, subd. 4.) The evidence showed that the defendant applied to the plaintiff for the use of the house for a week or two, and desired to know how much she would ask for it, by the month, for a longer time. The plaintiff told her that she might have it for the short time mentioned for one dollar, and proposed to charge her eight dollars per month for it if she wanted it for the winter. The defendant agreed to pay her the one dollar for the week or two, but declined to rent it for a longer period at the price named. The defendant went into the house under the agreement made with the plaintiff, and paid her the one dollar agreed upon, but she remained in the occupation of the house for the period mentioned in the complaint. On the trial she offered evidence to show that after the expiration of the week or two she rented the house for the remainder of the time from the husband of the plaintiff, and joint owner of the property, and paid him therefor. This evidence was excluded by the justice, and it must have been, chiefly, on the ground of this ruling that the judgment was reversed

in the County Court. We think the ruling was error for which the judgment was properly reversed.

Of course if there had been an agreement between the parties for the renting of the property for the longer period mentioned, and the defendant had gone into occupation under that agreement, she would not have been at liberty during such occupation to dispute the title of the plaintiff or to attorn to any other person. But it is conceded that there was no such express agreement between the parties at any time, and that the defendant went into occupation of the property declining to accept the plaintiff's proposition for a longer term than a week or two. Accordingly, the contention of the plaintiff is that the fact of the defendant's continuing in occupation, after the expiration of the brief term, raises the presumption of the acceptance at that time of the plaintiff's proposition for the longer term, and an implied contract to pay therefor at the price proposed. The argument is legitimate, and so long as her continued occupation was unexplained, the presumption was sufficient to justify the conclusion contended for. But it was to rebut that presumption, and account for the continued occupancy of the defendant on another theory than that of the acceptance of plaintiff's proposition, that the evidence in question was offered. That evidence would by no means have been conclusive; it may have been of but little weight, but it was, in our opinion, evidence to which the defendant was entitled as tending to rebut a presumption of fact upon which the case of the plaintiff depended.

For the error involved in the rejection of that testimony we think the judgment of the justice was properly reversed, and that the judgment of the County Court must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Chautauqua county appealed from affirmed, with costs.